UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN CONRAD WHITE,<br>Plaintiff,<br>-against-<br>TIDAL BASIN GROUP, a Michael Baker Company,<br>Defendant. | 26-CV-9384 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Adrian Conrad White, a resident of Barnesville, Georgia, brings this *pro se* action under Title VII of the Civil Rights Act of 1964. He alleges that his employer, Defendant Tidal Basin Group, which appears to be a contractor for the National Communications Systems (NCS)—a federal interagency group of about two dozen departments and agencies—terminated him in response to his reports of fraud, waste, and abuse of NCS funds. That is, Plaintiff appears to allege that he was an employee of a federal contractor, engaged in whistleblowing activity while employed by Defendant, and was terminated in response to his allegedly protected activity. Plaintiff alleges that Defendant is located in Utica, New York, and the complaint suggests that the relevant employment decisions were made in Defendant's office in Utica.

For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

**DISCUSSION**

The applicable venue provision for Plaintiff's claims under Title VII is found at 42 U.S.C. § 2000e-5(f)(3), which provides that such claims may be brought in a United States District Court for:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Under Title VII's venue provision, there appears to be several proper venues for this action. First, the complaint indicates that Defendant, which conducts its operations in Utica, terminated Plaintiff in response to his report of waste and fraud related to NCS funding. Because a Title VII action may be brought in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," venue would be proper in this Court, was well as in the United States District Courts for the Western, Northern, and Eastern Districts of New York. *See id*.

Second, because a Title VII action may be brought "in the judicial district in which the employment records relevant to such practice are maintained and administered," *see id*., and because Defendant's records related to Plaintiff's employment and termination would be found in Utica, venue would also be proper in the Northern District of New York, which encompasses Utica. *See id*; 28 U.S.C. § 112(a).

Third, a Title VII action can be brought in "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *Id.* The allegations in the complaint suggest that Plaintiff either worked or would have worked for Defendant at an unspecified location in Florida. Plaintiff does not state where in Florida he worked or would have worked but for his termination. The Court is therefore unable to ascertain any potential proper venues under that specific venue provision.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying employment decision occurred in Utica, New York, where Defendant is located, conducts its operations, and maintains its employment records. It is therefore reasonable to expect that all or nearly all relevant documents and witnesses also would be found there. Moreover, should the Northern District of New York construe the complaint as asserting a claim under 41 U.S.C. § 4712, which is the federal statute that provides a private right of action for employees of federal contractors who face reprisals for certain protected whistleblower activities, venue for that claim would be proper in the Northern District of New York. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts

have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.”).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 4, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge